IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benny Ray Barfield, formerly #261966, )<br>also known as Benny Barfield, )<br>)<br>            Plaintiff, )<br>)<br>       v. )<br>)<br>The South Carolina Dept. Of Mental )<br>Health; SVP Director Holly Scutturo; )<br>Director John MaGill, )<br>)<br>           Defendants. )<br>_____ ) | C.A. No.: 6:15-3991-PMD<br><br>**ORDER** |

      This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 10). Following pre-service review, the Magistrate Judge issued the R&R on September 28, 2015, recommending that this Court summarily dismiss, without prejudice and without issuance and service of process, Plaintiff Benny Ray Barfield's ("Plaintiff") Complaint (ECF No. 1). On October 5, 2015, Plaintiff filed Objections to the R&R (ECF No. 13). The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's thorough and well-reasoned R&R and incorporates it into this Order.

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and

recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 147–48 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Moreover, absent specific objections, this Court need not provide any explanation for adopting the magistrate judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).

In the present case, the Court finds that Plaintiff's Objections to the R&R are not specific. Notably, Plaintiff's Objections fail to identify any specific error committed by the Magistrate Judge. Instead, Plaintiff merely states: "Please understand all I ever wanted was what I've highlighted. All the rest was because I listened to stupid jailhouse lawyers.". Accordingly, such objections lack the requisite specificity under Rule 72(b) of the Federal Rules of Civil Procedure to trigger, or otherwise invite, de novo review. *See Diamond*, 416 F.3d at 315–16. Therefore, the Court, which has "satisf[ied] itself that there is no clear error on the face of the

record," *id.* (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation marks omitted), accepts and adopts the Magistrate Judge's R&R and fully incorporates it into this Order.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. It is **THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**October 23, 2015**
**Charleston, South Carolina**